UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **BEOM SU LEE,**<br><br>   **Plaintiff,**<br><br> v.<br><br>**ROKU KARAOKE, et al,**<br><br>   **Defendants.** | Civ. No. 18-08633 (KM)(ESK)<br><br>**OPINION** |

**KEVIN MCNULTY, U.S.D.J.:**

  This matter comes before the Court on the motion of the plaintiff, Beom Su Lee, for a default judgment against a number of defendants, pursuant to Fed. R. Civ. P. 55(b)(2). (DE 166.)[1] This action arises from the defendants' alleged infringement of copyrights held by Lee to the songs of his father, Jae Ho Lee. For the reasons set forth below, the motion is GRANTED in part and DENIED in part.

### I.   Background

  A detailed factual background can be found in my previous opinion in this case. (DE 44.) In short, Lee has plausibly alleged that he holds the copyright for songs written by his father that were performed by the defendant karaoke establishments without payment. This case has included a large number of defendants, some of whom have settled, but plaintiff now moves for a default judgment against 9 defendants, 8 of whom have either never answered in this case or ceased participation by 2021.

---

[1]  Citations to the record are abbreviated as follows:

  DE = docket entry number in this case

1

The defendants who have never answered or otherwise defended in this case are Assa K-7, Inc. (d/b/a Assa Karaoke); Jumong Karaoke Corp (d/b/a/ S&F Karaoke); and Ziller Ziller K-2 Corp (d/b/a Fort Lee Ziller Karaoke). (Entry after DE 70.) I refer to this group as the "never-participated defendants". Five other defendants had initially defended but eventually stopped communicating with their attorney, who withdrew on March 1, 2021. (DE 130.) These defendants are Voice King, LLC (d/b/a Nagasoo Karaoke); Rodeo Restaurant K-Pop, LLC (d/b/a Rodeo Karaoke); Daebak K1 Inc. (d/b/a K-1 Karaoke); Evergreen Diner, Inc (d/b/a Soosanghanpocha), and TH Entertainment Group, Inc. (d/b/a Soo Karaoke). I refer to this group as the "withdrawn defendants".

Finally, one defendant against whom plaintiff seeks a default judgment, Norajo, Inc. (d/b/a Time Karaoke) has continued to defend the case and has signed a settlement agreement with the plaintiff. (DE 142.) The motion for default judgment will therefore be DENIED with regard to Norajo.

In this motion for default judgment, Lee seeks not only a money judgment of $28,000 per defaulting defendant but also the temporary seizure of all of the defaulting defendants' karaoke machines pursuant to 17 U.S.C. § 503 if they do not pay the default judgment within a month. (DE 166 at 4.)

## II.   Standard for entry of default judgment

"[T]he entry of a default judgment is left primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984) (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)). Because the entry of a default judgment prevents the resolution of claims on the merits, "this court does not favor entry of defaults and default judgments." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984). Thus, before entering default judgment, the Court must determine whether the "unchallenged facts constitute a legitimate cause of action" so that default judgment would be permissible. *DirecTV, Inc. v. Asher*, No. 03-1969, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (citing Wright, Miller, Kane, 10A Federal Practice and Procedure: Civil 3d § 2688, at 58–59, 63).

"[D]efendants are deemed to have admitted the factual allegations of the

Complaint by virtue of their default, except those factual allegations related to the amount of damages." *Doe v. Simone*, No. 12-5825, 2013 WL 3772532, at *2 (D.N.J. July 17, 2013). While "courts must accept the plaintiff's well-pleaded factual allegations as true," they "need not accept the plaintiff's factual allegations regarding damages as true." *Id.* (citing *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 536 (D.N.J. 2008)).

The Court may not enter default judgment against a defendant unless the plaintiff has already filed a request to enter the default, and default has subsequently been entered by the Clerk of the Court. *See* Fed. R. Civ. P. 55(a); *Husain v. Casino Control Com'n*, 265 F. App'x 130, 133 (2008) ("[E]ntry of default by the Clerk under Federal Rule of Civil Procedure 55(a) constitutes a general prerequisite for a subsequent default judgment under Rule 55(b)."). *See also International Union of Painters and Allied Trades District Council 711 Health & Welfare, Vacation and Finishing Trades Institute Funds, et al. v. Village Glass, Inc.*, No. 11-1023, 2012 WL 209076, at *4 (D.N.J. Jan. 24, 2012) (denying motion for default judgment where party failed to first obtain entry of default). Entry of default is mandatory where a properly served defendant "has failed to plead or otherwise defend" an action, and "that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a).

Once default has been entered, and the plaintiff has applied to the court for entry of judgment, the court must evaluate the following three factors: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether the defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (2000).

### III. Discussion
#### a. Cause of action

The complaint establishes a legitimate cause of action. As stated in my earlier opinion in this case, Lee has plausibly alleged that he holds the copyright for songs written by his father, and that these songs were copied by the defendant karaoke establishments without payment. *See Winstead v.*

*Jackson*, 509 Fed. Appx. 139, 143 (3d Cir. 2013) ("To establish a claim of copyright infringement, the plaintiff must establish ownership of a valid copyright, and unauthorized copying of protectable elements of the plaintiff's work.").

### b. Entry of default

This action was filed on April 30, 2018. Defendants were served in two bunches in August 2018 and September and October 2019 (DE 12, 61, 65.) All of the defaulting defendants were properly served triggering the usual twenty-one-day deadline to respond under Fed. R. Civ. P. 12(a). (DE 6.) The never-participated defendants failed to answer or otherwise respond.

In November 2019, the Clerk entered default as to the never-participated defendants, and also as to defendants Daebak K1 and Norajo, both of whom had then failed to answer or otherwise appear. (Entry after DE 70.). In July 2020, the entry of default was vacated as to Daebak K1 and Norajo, and both defendants filed an answer that month. (DE 105, 109.)

In contrast, the withdrawn defendants did file an answer and did participate in this case for a significant period of time, including in the motion for summary judgment. (*See, e.g.*, DE 48, 109, 119.) In February 2021, however, after all defendants (except the never-participated defendants) filed a motion for summary judgment, counsel moved to withdraw from representation of the withdrawn defendants due to an "irretrievable" breakdown in the attorney-client relationship. Specifically, counsel stated in an affidavit that the withdrawn defendants did not answer counsel's calls, provide counsel with requested documents, or attend a mandatory settlement conference. (DE 128 at 3–4.) Two of the withdrawn defendants, Nagasso Karaoke and Rodeo Karaoke, eventually informed counsel that their businesses have closed and that they do not wish to participate in the case anymore.

The Court granted counsel's motion to withdraw in March 2021. (DE 130.) In the same Order, the Court granted the plaintiff leave to request the entry of default against the withdrawn defendants should they not obtain substitute counsel within 30 days. None of the withdrawn defendants have

4

obtained substitute counsel, but Lee has not applied to the Clerk for entry of default.

The prerequisites to a default judgment are therefore not met with regard to the withdrawn defendants, as the Clerk has not entered default against them. The motion for default judgment will therefore be DENIED with regard to the withdrawn defendants. I therefore proceed to analyze the default judgment issues only with respect to the never-participated defendants.

### c. Three-factor analysis

I next evaluate the factors set forth in *Chamberlain* to determine whether the entry of default judgment against the never-participated defendants is proper. 210 F.3d at 164. As to the first factor, if default judgment were denied, Lee would certainly suffer prejudice. The never-participated defendants were served nearly three years ago, yet they have failed to appear or defend the case in any manner. Denying default judgment would likely preclude Lee from ever obtaining relief from these defendants. *See e.g., E.A. Sween Co. v. Deli Exp. Of Tenafly, LLC*, 19 F. Supp. 3d 560, 575 (D.N.J. 2014) (finding that plaintiff would suffer prejudice from denial of default judgment where defendant failed to appear or defend itself for nearly seven months since service).

As to the second factor, I am not aware of any meritorious defenses that the never-participated defendants may possess. I am constrained to conclude that they have none. *See Teamsters Pension Fund of Philadelphia and Vicinity v. American Helper, Inc.*, No. 11-624, 2011 WL 4729023, at *4 (D.N.J. Oct. 5, 2011) (finding that defendant has no litigable defenses where defendant failed to answer or otherwise defend itself).

Turning to the third factor, the defendants' culpable conduct is presumed, as "[t]here is nothing before the Court to show that the Defendant[s'] failure to answer was not willfully negligent." *Id.*; *see also Prudential Ins. Co. of America v. Taylor*, No. 08-2108, 2009 WL 536403, at *1 (D.N.J. February 27, 2009) (finding that defendant's failure to file answer or otherwise appear evinces culpable conduct). Based on these factors, I find that the entry of a

5

default judgment against the never-participated defendants is appropriate.

### d. Damages

"A party entitled to judgment by default is required to prove the amount of damages that should be awarded." *Oberstar v. F.D.I.C.*, 987 F.2d 494, 505 n.9 (8th Cir. 1993). Lee has requested actual damages of $28,000 per defaulting defendant, which he states is "a discounted flat rate" based on each defendant's use of 42 copyrighted songs. However, Lee has provided no explanation as to how he calculated the requested damages, nor has he provided any evidence supporting his request.

Fed. R. Civ. P. 55(b)(2) permits the Court to conduct a hearing to "determine the amount of damages" owed by a party in default. Because there is insufficient evidence in the record regarding the appropriate amount of monetary damages, the Court may be required to schedule a hearing on this issue. *See Exxonmobil Oil Corp. v. Wakile & Sons, Inc.,* No. 09-01265, 2009 WL 3818151, at *4 (D.N.J. Nov. 13, 2009) (granting motion for default judgment and ordering a hearing to determine monetary damages). Evidence should include the licensing fee Lee has charged in the past for the use of his copyrighted works, as courts awarding damages in similar cases have based the award on the licensing fee. *See Broad. Music, Inc. v. DeGallo, Inc.*, 872 F. Supp. 167, 169 (D.N.J. 1995). Initially, the evidence will be produced in documentary form, with a hearing to be convened if necessary.

Lee has also requested temporary seizure of the defendants' karaoke machines pursuant to 17 U.S.C. § 503 if the defendants do not pay the amount owed within one month of the Court's Order. Although 17 U.S.C. § 503 authorizes the Court to order the impounding of "articles" used to unlawfully reproduce copyrighted works, it does not authorize the Court to order the temporary seizure of such articles as a penalty for anticipated failure to pay a damages award. Lee's request for temporary seizure of the defendants' karaoke machines will therefore be DENIED.

**Conclusion**

Lee's motion for a default judgment (DE 166) is GRANTED in part and DENIED in part. Specifically, the motion is GRANTED with regard to defendants Assa K-7, Inc.; Jumong Karaoke Corp; and Ziller Ziller K-2 Corp and DENIED with regard to defendants Voice King, LLC; Rodeo Restaurant K-Pop, LLC; Daebak K1 Inc.; Evergreen Diner, Inc.; TH Entertainment Group; and Norajo, Inc. A default judgment will be entered in favor of Lee and against defendants Assa K-7, Inc.; Jumong Karaoke Corp; and Ziller Ziller K-2 Corp.

A hearing may be required on the issue of monetary damages. First, however, the plaintiff shall within 30 days submit an affidavit attaching such evidence as he may possess regarding damages, including evidence of licensing fees charged in the past for these musical works.

Dated: September 19, 2019

/s/ Kevin McNulty

**Kevin McNulty**
**United States District Judge**

7