UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**Not For Publication**

| | |
|---|---|
| BEOM SU LEE,<br><br>        *Plaintiff,*<br><br>v.<br><br>ROKU KARAOKE, et al.,<br><br>        *Defendants.* | Civil Action No. 18-08633(MEF)(ESK)<br><br>**OPINION and ORDER** |

For the purposes of this Opinion and Order, the Court assumes full familiarity with the procedural history and facts.

The Plaintiff pro se moves for a default judgment (Docket Entry 171).

For the reasons outlined below, the Plaintiff's motion is denied without prejudice. The Plaintiff may refile a new motion.

\*    \*    \*

The Court previously granted the Plaintiff's[1] motion for default judgment against three Defendants.[2] See Order (September 19, 2022) ("Order").

However, the Court did not award the Plaintiff damages, because he "provided no explanation as to how he calculated the requested damages, nor has he provided any evidence supporting his request." See Opinion (September 19, 2022) ("Opinion") at 6.

"A party entitled to judgment by default is required to prove the amount of damages that should be awarded." Opinion at 6 (quoting Oberstar v. F.D.I.C., 987 F.2d 494, 505 n.9 (8th Cir. 1993); see also Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990) (the entry of a default judgment means that "the factual allegations of the complaint, except those relating to

---

[1] The Plaintiff is Beom Su Lee.

[2] The Defendants are Assa K-7, Inc., Jumong Karaoke Corp., and Ziller Ziller K-2 Corp.

the amount of damages, will be taken as true") (emphasis added) (cleaned up).

Here, the Plaintiff requested statutory damages under the Copyright Act. See Amended Complaint ¶¶ 1, 16-18, Prayer for Relief ¶ 5. The Copyright Act leaves the Court with discretion, within bounds, as to what damages to award. See 17 U.S.C. § 504(b)-(c).

Because Copyright Act damages amounts are not foreordained, the Court "may . . . order such references as it deems necessary and proper" to calculate damages. Comdyne I, Inc., 908 F.2d at 1149; see also Fed. R. Civ. P. 55(b)(1).

That is what happened here. The Court directed the Plaintiff to submit an affidavit attaching "such evidence as he may possess regarding monetary damages, including evidence of licensing fees charged in the past for his musical works." Order at 1.

The Plaintiff then submitted an affidavit, see Affidavit for Judgment by Default ("Affidavit"), along with a "Request for Final Default Judgment Against Default Defendants[.]" (Docket Entry 171)

Per the Affidavit, the Plaintiff seeks $2,000 in damages for each song in question. See Affidavit, Exs. 42-A, 47-A, 51-A.

But the Plaintiff does not offer up any evidence as to why $2,000 per song is an appropriate number. It might be, it might not be. But without evidence, the Court has no way to decide. The motion must therefore be denied.

\*   \*   \*

Where to go from here? The Plaintiff pro se is free to file a new motion for default judgment. Such a motion would need to explain whether the Plaintiff is seeking damages under 17 U.S.C. § 504(b), 17 U.S.C. § 504(c)(1), or 17 U.S.C. § 504(c)(2), and to provide sufficient evidence to allow the Court to rule.

The Plaintiff's motion is denied.

IT IS on this 12th day of January, 2024, so **ORDERED**.

Michael E. Farbiarz, U.S.D.J.