UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

BEOM SU LEE,

        *Plaintiff,*

v.

ROKU KARAOKE, et al.,

        *Defendants.*

Civil Action No. 18-cv-8633 (MEF)(MAH)

<u>OPINION</u>

\* \* \*

For the purposes of this brief Opinion, the Court assumes full familiarity with the procedural history and facts of this case.

\* \* \*

The Plaintiff[1] sued under the Copyright Act, <u>see</u> 17 U.S.C. §§ 101 <u>et seq.</u>, arguing that his father's copyrighted songs were being used without permission at certain karaoke clubs. <u>See</u> Amended Complaint (the "Complaint") ¶¶ 16-18.

The Court, per Judge McNulty, granted the Plaintiff's motion for a default judgment against three karaoke clubs.[2] <u>See</u> Order (September 19, 2022).

---

[1] The Plaintiff is Beom Su Lee. He is proceeding <u>pro se</u>. The Court therefore reads his papers broadly, as required. <u>See</u> <u>United States</u> v. <u>Mills</u>, 707 F. App'x 65, 69 (3d Cir. 2017).

[2] The clubs: Assa K-7, Inc., Jumong Karaoke Corp., and Ziller Ziller K-2 Corp.

But the Court did not award damages, because the Plaintiff did not lay out the basis for them.[3] See Opinion (September 19, 2022).

The case was reassigned to the undersigned, the Plaintiff moved for damages, and the deadline for responding passed last month.

The motion is now before the Court.

For the reasons set out below, it is granted.

\* \* \*

A plaintiff proceeding under the Copyright Act may seek (a) the actual damages caused by a copyright infringement or (b) the statutory damages set out in the Act. See 17 U.S.C. § 504(c); Broad. Music, Inc. v. Crocodile Rock Corp., 634 F. App'x 884, 885 (3d Cir. 2015).

Here the Plaintiff is seeking statutory damages. See Motion for Default Judgment Against Default Defendants ("Motion for Default Judgment") ¶ 6.

Statutory damages are available within a pre-set range established by Congress. In particular, a plaintiff may recover statutory damages of between $750 and $30,000 from a given defendant "with respect to any one work" that the defendant infringed. 17 U.S.C. § 504(c)(1).[4]

This means that "to calculate [statutory] damages under the Copyright Act in a[] default judgment [context]," such as this one, a court "must make a factual finding about the number of

---

[3] This was necessary because "[a] party entitled to judgment by default is required to prove the amount of damages that should be awarded." Opinion at 6 (quoting Oberstar v. F.D.I.C., 987 F.2d 494, 505 n.9 (8th Cir. 1993)); see also Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990) (the entry of a default judgment means that "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true") (emphasis added).

[4] Under the Copyright Act, a "work" is an "original work[] of authorship fixed in any tangible medium of expression," 17 U.S.C. § 102(a), including "musical works." 17 U.S.C. §102(a)(2).

2

infringed 'works.'" Strike 3 Holdings, LLC v. Doe, 2022 WL 952728, at *5 (E.D. Pa. Mar. 30, 2022).

\* \* \*

To set the stage for doing so here, note two sets of background facts.

First: without permission, one of the Defendant-karaoke clubs (Assa K-7 Inc.) had 12 copyrighted songs loaded on its karaoke machine, see Second Amended Exhibit 42, 43, 45, 47, 51 in Support of the Motion for Default Judgment Against Default Defendants ("Amended Exhibits"), Ex. 42; another Defendant-karaoke club (Jumong Karaoke Corp.) had 18 songs on its machine, see id., Ex. 47; and the final Defendant-club (Ziller K-2 Corp.) had 21. See id., Ex. 51.

And second: all of these songs were part of a 125-song set that was copyrighted together, under a single overall copyright. See Complaint ¶¶ 6-7.

\* \* \*

Consider, now, two possible ways to think about the facts set out above.

If each song is thought of as its own "work" for Copyright Act purposes, see footnote 4, the Plaintiff is entitled to $38,250 --- the total number of songs used by the Defendants without permission (51) multiplied by the statutory damages the Plaintiff seeks, of $750 per infringement.

On the other hand, if the 125-song set counts as an overarching "work," but each individual song within it does not, the Plaintiff is entitled to $2,250 -- $750 from each of the three Defendants that has used songs that are a part of the copyrighted 125-song set.

As between these two possibilities, the Third Circuit has not yet weighed in.

But the issue has been addressed by a number of other circuits.

Using somewhat different verbal formulations, five circuits have held that a "work" that has meaningful and distinct standalone economic value, largely independent of the copyrighted compilation it is a part of, counts as a "work" for Copyright Act damages purposes. See Sullivan v. Flora, Inc., 936 F.3d 562, 568-72 (7th Cir. 2019) (holding that multiple parts of a

3

collection can count as separate works if they have independent economic value and pointing out that "most other circuits" follow a similar approach); VHT, Inc. v. Zillow Grp., Inc., 918 F.3d 723, 747 (9th Cir. 2019) (whether different parts of a photo collection are a compilation, or their own works, is informed by whether the parts have independent economic value); MCA Television Ltd. v. Feltner, 89 F.3d 766, 769 (11th Cir. 1996) (test for whether different components that are part of a collection are different works "focuses on whether each expression has an independent economic value and is, in itself, viable"); Walt Disney Co. v. Powell, 897 F.2d 565, 570 (D.C. Cir. 1990) (asking whether the different parts of the relevant collection have "separate economic value" and are viable on their own); Gamma Audio & Video, Inc. v. Ean-Chea, 11 F.3d 1106, 1116-17 (1st Cir. 1993) (the relevant test "is a functional one, with the focus on whether each expression . . . has an independent economic value and is, in itself, viable").[5]

One Circuit, the Second, has taken a different view. See Bryant v. Media Right Prods., Inc., 603 F.3d 135, 142 (2d Cir. 2010) (holding that an album of songs is a single work and therefore "must be treated as one work for purposes of calculating statutory damages").

The Court will follow the First, Seventh, Ninth, Eleventh, and D.C. Circuits' majority approach. Largely for the reasons described by Judge Scudder for the Seventh Circuit, see Sullivan, 936 F.3d at 568-572, that approach is more closely consistent with Congress' intent as reflected in the Copyright Act. That is the touchstone here. See generally, e.g., City of Arlington, Tex. v. F.C.C., 569 U.S. 290, 296 (2013).

\*   \*   \*

Given that the Court will follow the majority approach, the question is: did the individual songs within the copyrighted compilation have value that is largely separate and independent from their place in the broader 125-song compilation?

---

[5] The Fourth Circuit has suggested that it largely shares the majority view described in the text. See Xoom, Inc. v. Imageline, Inc., 323 F.3d 279, 285 (4th Cir. 2003), abrogated on other grounds by Reed Elsevier, Inc. v. Muchnick, 559 U.S. 154, 130 (2010).

4

The Court's conclusion: yes.

The Defendants each put only a small fraction of the 125 songs from the collection on their karaoke machines.  See Amended Exhibits, Exs. 42, 47, & 51.

This strongly suggests the selected songs had an independent and distinct value of their own, a value that was not mainly derived from the songs' place in the full collection.

After all, the Defendant-karaoke clubs presumably believed that their customers, karaoke performers, would be interested in buying a chance to sing along with a particular song --- even though the bulk of the 125-song collection was not available to them.  Individual songs were apparently thought to be enticing, and hence valuable, even as standalones.[6]

Put differently, the value of the songs here did not flow largely from their "arrange[ment]" or "coordinat[ion]" in the broader song collection.  17 U.S.C. § 101.  If that were the case, the Defendants could hardly have been expected to present the songs as they did --- each on a free-standing basis,

---

[6] See Sullivan, 936 F.3d at 572 (noting that "discernable value [can] lie[] at the level of a particular individual work," such as "a particular . . . song," when it is "available at an individual level"); DP Creations, LLC v. Reborn Baby Mart, 2022 WL 3108232, at *6 (D. Utah Aug. 3, 2022) (photos registered as a group constitute separate works because they have independent economic value and represent an independent artistic effort); Energy Intel. Grp., Inc. v. CHS McPherson Refinery, Inc., 300 F. Supp. 3d 1356, 1370-71 (D. Kan. 2018) (each issue of a magazine is a separate work because it has independent value, even though the magazines were registered as a group); MacAlmon Music, LLC v. Maurice Sklar Ministries, Inc., 2015 WL 794328, at *5 (D. Colo. Feb. 4, 2015), report and recommendation adopted, 2015 WL 782722 (D. Colo. Feb. 24, 2015) (song, later published as part of a compilation, is a separate work with its own economic life); Berg v. Symons, 393 F. Supp. 2d 525, 547-48 (S.D. Tex. 2005) (different product designs, though they fall under one copyright, are independent and distinct works because they have independent economic value); Playboy Enters. Inc. v. Sanfilippo, 1998 WL 207856, at *5 (S.D. Cal. Mar. 25, 1998) (photographs each constituted different works, even though they appeared together in a single copyrighted magazine, where, among other factors, the infringing defendant marketed each image separately).

5

separated out from, and not presented with, the large bulk of the broader collection.

In short: the Court concludes that each individual song here had independent value, at least in the karaoke machine context from which this case emerges.

Therefore, the Plaintiff can recover $750 from each Defendant for their use of each individual song. See Sullivan, 936 F.3d at 568-72; VHT, Inc., 918 F.3d at 747; MCA Television Ltd., 89 F.3d at 769; Walt Disney Co., 897 F.2d at 570; Gamma Audio & Video, Inc., 11 F.3d at 1116-17; cf. Xoom, Inc., 323 F.3d at 285.

Today, the Court will issue an appropriate Order reflecting this conclusion.

Michael E. Farbiarz, U.S.D.J.
Date: May 1, 2024

6